NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS

## DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

RAMON LUNA BUENO, *Petitioner*.

No. 1 CA-CR 23-0575 PRPC

FILED 11-07-2024

Petition for Review from the Superior Court in Maricopa County
No. CR2014-149887-001
The Honorable David W. Garbarino, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Douglas Gerlach
*Counsel for Respondent*

Brown & Little PLC, Chandler
By Matthew O. Brown
*Counsel for Petitioner*

## MEMORANDUM DECISION

Judge Jennifer M. Perkins delivered the decision of the Court, in which Presiding Judge Michael S. Catlett and Vice Chief Judge Randall M. Howe joined.

**P E R K I N S,** Judge:

**¶1** Ramon Bueno petitions this Court for review from the dismissal of his petition for post-conviction relief filed under Arizona Rule of Criminal Procedure 32. We have considered the petition for review and, for the reasons stated, grant review and deny relief.

## FACTUAL AND PROCEDURAL BACKGROUND

**¶2** A jury found Bueno guilty of three counts of aggravated assault, three counts of threatening or intimidating, and one count of drive-by shooting, based on evidence he shot at three police officers during a traffic stop. On direct appeal, we vacated and remanded the threatening or intimidating counts for resentencing but otherwise affirmed. *State v. Bueno*, 1 CA-CR 20-0085, 2021 WL 1038170 (Ariz. App. Mar. 18, 2021) (mem. decision).

**¶3** Bueno timely requested post-conviction relief, arguing his trial attorney provided ineffective assistance by not calling a ballistics expert to testify for the defense. *See* Ariz. R. Crim. P. 32.1(a).

**¶4** The superior court summarily dismissed his petition. We grant review. *See* A.R.S. § 13-4239; Ariz. R. Crim. P. 32.16.

## DISCUSSION

**¶5** We review the dismissal of a petition for post-conviction relief for an abuse of discretion, "which occurs if the court makes an error of law or fails to adequately investigate the facts necessary to support its decision." *State v. Bigger*, 251 Ariz. 402, 407, ¶ 6 (2021). To state a colorable claim of ineffective assistance of counsel, Bueno "must demonstrate that counsel's conduct fell below an objective standard of reasonableness and that he was prejudiced thereby." *Id.* at ¶ 8.

¶6 The trial evidence showed that at the time of the traffic stop, Bueno and another man were sitting in the back seat of a vehicle driven by Lauren (a pseudonym). Bueno sat behind Lauren, and his window was open. As an officer questioned him from that side of the car, Bueno shot the officer in the face. A shootout then ensued between Bueno and two other officers before Bueno commanded Lauren to drive away. After police recovered Lauren's vehicle, they found a spent .357 Magnum shell casing in the pocket of the door where Bueno was sitting. Police found unfired ammunition of the same type in the area where Bueno and the other male passenger exited the vehicle. The State submitted to jurors that Bueno shot at the officers with a .357 Magnum caliber weapon. Bueno argued that the State could not prove he was the shooter and there was strong evidence the shooter was the other male passenger.

¶7 Before trial, defense counsel retained a ballistics expert to review evidence and report his conclusions. Counsel identified the expert as a possible witness but decided not to call him at trial.

¶8 Bueno argues his attorney's decision not to call the expert was deficient and prejudicial because the expert would have bolstered his defense. In support of his argument, Bueno points to the expert's opinion that (1) the wounded officer could have been hit by a bullet from a .38 caliber weapon carried by one of the other officers, (2) the nature of the officer's injury suggested it was more likely caused by a .38 caliber weapon than a .357 Magnum caliber weapon, and (3) Lauren's description of the gunshot sound was inconsistent with the firing of a .357 Magnum caliber weapon.

¶9 The superior court did not abuse its discretion by dismissing Bueno's petition because Bueno has not established a colorable claim of ineffective assistance. "Whether or not to call a witness is a strategic decision" that will not support an ineffective assistance claim unless the defendant can show the decision "was not a tactical one but, rather, revealed ineptitude, inexperience or lack of preparation." *State v. Goswick*, 142 Ariz. 582, 586 (1984). Bueno argues "it is apparent from the facts presented at trial here that only an unreasonable investigation into this case or perhaps pure laziness would result in a lawyer not calling [the ballistics expert] to testify." But Bueno does not point to any such facts.

¶10 And defense counsel's decision not to call the ballistics expert as a witness, viewed with appropriate deference, *see Strickland v. Washington*, 466 U.S. 668, 689–90 (1984), reflects a reasonable tactical choice. The expert's theory that the wounded officer was shot by another officer

would have conflicted with the defense's chosen strategy to place blame on the other back-seat passenger. A defense attorney is permitted to abandon alternative theories of a case. *Bigger*, 251 Ariz. at 409, ¶ 17. And "strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable." *Strickland*, 466 U.S. at 690.

**¶11** Bueno also has not shown "a reasonable probability" that the outcome at trial would have been different if defense counsel had called the ballistics expert to testify. *See id.* at 694; *Bigger*, 251 Ariz. at 407, ¶ 9. Witnesses to the shooting consistently testified that the wounded officer was hit by gunfire coming from the back seat of Lauren's vehicle, directly behind the driver. And other testimony established that Bueno occupied the seat the gunfire came from. Jurors thus rejected Bueno's argument that the shooter could have been the other back-seat passenger. On this record, Bueno has not shown a reasonable probability that jurors would have credited the expert's opinion that the wounded officer was shot by another officer and returned a different verdict. *See Strickland*, 466 U.S. at 669 ("A reasonable probability is a probability sufficient to undermine confidence in the outcome.").

## CONCLUSION

**¶12** Although we grant review, we deny relief.

